SAMUEL, Judge
(dissenting) .
As pointed out in the majority opinion, on January 4, 1962, almost two months after the date of the first agreement providing for an agent’s commission of any amount received in excess of $46,000.00, the parties entered into a second agreement which provided for a commission of any amount received in excess of $43,000.00. On that same day, January 4, 1962, plaintiff obtained the offer to purchase for $52,000.00. Thus, in connection with that offer to purchase, plaintiff’s commission was increased by $3,000.00.
A fiduciary relationship existed between the litigants. Under that relationship, according to my understanding, plaintiff was required to report to the defendant any offer received even though the same may have been in an amount insufficient for plaintiff to realize a commission. The fact that the second agreement and the offer for $52,000.00 were obtained on the same day, after plaintiff had been trying to sell the property for almost two months, does call for some explanation and the record contains none. The only evidence relative thereto is testimony offered on behalf of plaintiff to the effect that the selling price was reduced from $46,000.00 to $43,000.00 in order to “make the property more sale-; able.”
*300 While the record contains no proof of any impropriety and I do not say that plaintiff’s actions were improper, in view of these suspicious circumstances I am of the opinion 'that the case should be remanded to the trial court for the purpose of hearing further testimony on that question.
Accordingly, I respectfully dissent.
Rehearing denied.
SÁMUEL, J., is of the opinion that a rehearing should be granted.